### In re HEWLETT'S ESTATE.

#### HEWLETT v. JEWESSON.

*(Supreme Court, General Term, Second Department. May 9, 1892.)*

CLAIMS AGAINST DECEDENTS—BOARD AND MAINTENANCE—EVIDENCE.

　　Deceased lived in her own house, and was supplied by claimant with cooked food five days in the week, and occasionally with small quantities of coal. Claimant also paid a very small sum to a nurse for the care of deceased in her last illness. Deceased had declared that claimant was her best friend, that she intended he should have her bank deposit, and that she owed him money. *Held* insufficient to support an allowance to claimant of $10 a week for the care and maintenance of deceased.

Appeal from judgment on report of referee.

Proceedings by Oliver T. Hewlett to establish a claim against the estate of Elizabeth Hewlett, deceased. The claim was allowed, and the administratrix, Emeline Jewesson, appeals. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Thornton, Earle & Kiendls,* (*David Thornton,* of counsel,) for appellant. *Henry A. Monfort,* for respondent.

BARNARD, P. J. Elizabeth Hewlett died in March, 1889, in Hempstead, Queens county, N. Y. She had always lived there, and was over 82 years of age at her death. Oliver T. Hewlett presented a claim against her estate for board, care, and maintenance of deceased. The claim was for $10 a week, and it was allowed as presented. The evidence shows that the deceased did not live in the family of claimant, but lived in her own house. The evidence fails to show an employment of the plaintiff by deceased. The whole claim is substantiated by proof that the claimant furnished the deceased cooked food from his own table some five days in the week, and on a few occasions furnished coal and a few other articles of trifling value. The coal was not furnished over once a month in a bag or basket. A very small sum was paid to a nurse during the last illness of the deceased. There is no declarative bill such as would be looked for if these things were furnished on a business basis. The whole proof of a contract consists of a declaration that claimant was her best friend, and she meant that he should have her deposit in the Dime Savings Bank, and that she owed him money. The evidence is very voluminous, and, as a whole, furnishes ground for a doubt whether or not the articles furnished, as proven by claimant, were not very much exaggerated. It seems certain that no basis is given for a charge of $10 a week for the last six years of the life of deceased; at its extreme value as claimed, that allowance would be excessive. The judgment should therefore be reversed, and a new trial granted. Order of reference vacated. All concur.